MILLER, Judge.
Defendant Clifton Maturin, Permit Engineer of the City of New Iberia, appeals the trial court judgment ordering him to issue a “driveway permit” to plaintiff Arthur H. Fleming. We reverse.
The issue presented is whether plaintiff’s proposal to construct two driveways on his property complies with New Iberia’s ordinance regulating the construction of entrances and exits from private property adjacent to city streets and sidewalks.
Fleming owns property located at the intersection of Iberia and Pershing Streets. On September 3, 1974 he obtained a driveway permit providing for one entrance to his parking area. On December 9, 1974, he submitted a new application for two driveways and stated that he was unable to properly utilize the parking area as constructed under his first permit. The sketch (Tr. IS) attached to his second application is vague, but indicates he seeks a permit to build two 35’ wide driveways into his paved parking area which is some 90’ wide by 20’ in depth. The distance between the two driveways appears to be about two feet. There is no evidence to suggest Fleming's application contemplated driveways that would be 10' apart.
Maturin refused to issue the permit for several reasons, one of which was that New Iberia’s ordinance required a distance of 10' between these two driveways.
Since Fleming’s lot was more than 50' and less than 200' wide, the regulations allowed him two combined entrances and/or exits. (Art. 5[b] of restrictions.) Since Fleming’s property was being used for a commercial establishment and since the driveways were to be perpendicular to Pershing Street, the maximum width of the two driveways was set at 35' each. (Art. 5[c]) We are here concerned with interpreting art. 5 [e] of the regulations which provides:
The distance between the inner edges of entrance and exit shall be not less than ten (10) feet where they intersect either the right of way line or the road surface.
Fleming argues and the trial court held this provision is subject to two interpretations, either of which is reasonable: 1) the driveways have to be at least ten feet apart, and 2) each driveway must be at least ten feet wide. On that basis the trial court held the ordinance vague. Since it restricts the owner in the use of his property and is penal in nature, it was interpreted in a manner most favorable to the property owner.
As noted earlier, Fleming’s application is vague making it difficult to determine his exact intention. This in itself fails to comply with New Iberia’s Ordinance No. 139 adopted September 5, 1972 (Tr. 11), which requires “a detailed drawing of the size and nature of the improvements” to accompany the application for driveway permits. It appears that Fleming intended to use the permit not to provide driveways as such, but instead an almost solid paved area for both parking and driving in and out. This does not give an orderly movement of traffic. The regulations are a reasonable exercise of the police power since they prevent confusion in entering and exiting from establishments and prevent comingling of driveway and parking areas. These regulations may prevent the dangerous maneuver of backing into streets.
The city furnished a fifteen page printed brochure setting forth numerous illustra *359 tions of plans for driveways which complied with the ordinance and regulations (which are identical to R.S. 48:344 for state highways, and to the LDH’s printed brochure showing the same illustrations). Three of these illustrations suggest methods of design for two driveways into one commercial establishment. All carefully detail the minimum 1CK distance required between the two driveways.
When the ordinance and regulations are read in context and referenced to the attached illustrations, there is nothing to suggest that art. 5[e] sets a minimum width for each driveway. The minimum width applies to the distance between the two driveways.
Mr. Maturin properly rejected the December 9, 1974 application for the second driveway. The judgment appealed from is reversed and set aside. Plaintiff’s suit is dismissed at plaintiff’s costs.
Reversed and rendered.
HOOD, J., dissents and assigns written reasons.