FRUGÉ, Judge
(dissenting).
I respectfully dissent.
The issue presented is whether the purchase of the graphite falls within the exclusion provided in the second paragraph *863 of La.R.S. 47:301(10), which in pertinent' part reads as follows:
“The term ‘sale at retail’ does not include sales of materials for further processing into articles of tangible personal property for sale at retail, . . . ”
Where a manufacturer transforms raw materials into finished articles, he need not pay a sales tax on those raw materials. On the other hand, as I read the statute, the manufacturer who buys materials which are consumed in the manufacturing process and which form no contributory part of the finished article are not exempt from the tax. The manufacturer himself is the ultimate consumer of such materials.
In this case 40% of the graphite does not appear in the final chlorine product stream. As for the other 60%, which does appear in the final product as carbon monoxide and carbon dioxide, the trial judge concluded that it constituted waste material which was useless, unwelcome and extraneous to the final product. Although there is some dispute in this regard, this conclusion has support in the record.
I believe that the trial court was correct when it stated: “Implicit in the statutory definition ... is the reasonable interpretation that such material must be of some benefit to the end product.” No such benefit is here shown.
I note reliance by the majority on the case of L.A. Frey & Sons v. Lafayette Parish School Board, 262 So.2d 132 (La.App. 3rd Cir. 1972). Although I signed the opinion in that case I am now of the opinion that we were incorrect in holding the sawdust to be exempt from taxation. The sawdust was consumed in the manufacturing process and was not itself transformed into a beneficial part of the end product. I would overrule Frey on this point.
For the reasons assigned, I respectfully dissent.
ON MOTION TO REARGUE BEFORE FIVE JUDGE PANEL
Before FRUGÉ, HOOD and WATSON, JJ.
WATSON, Judge.
Plaintiff has filed a motion for re-argument before a five judge panel because there was one dissent to the reversal of the trial court’s decision. He cites the Louisiana Constitution of 1974, Article S, § 8(B).
This suit was filed March 11, 1974, and relates to a claim for taxes alleged to be due for a period between January 1, 1968 and August 31, 1972. All of this antedates the Constitution of 1974. Therefore the motion to reargue is denied. Louisiana Constitution-of 1974, Article 14, § 23, § 26 and § 35. Fleming v. Maturin, 314 So.2d 356 (La.App. 3 Cir. 1975).
Denied.
FRUGÉ, J., concurs in the denial of this motion, although he votes to grant a reargument.